# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

KARA WALKER,

Plaintiff,

v.

GEICO CASUALTY COMPANY, *et al.*,

Defendant.

Case No. 2:19-cv-0909-KJD-NJK

**ORDER**

Before the Court is defendant Geico Casualty Company's Partial Motion to Dismiss (ECF No. 6) to which plaintiff Kara Walker responded (ECF No. 9), and Geico replied (ECF No. 11). Also before the Court is Geico's Alternative Motion to Sever/Bifurcate and Stay Walker's Extracontractual Claims (ECF No. 7). Walker also responded to that motion (ECF No. 10), and Geico replied (ECF No. 11).

Kara Walker has sued her insurer, Geico, for payment of the uninsured/underinsured motorist coverage in her policy after she was injured in an accident with a third-party. Walker's complaint alleged four causes of action: breach of contract, contractual bad faith, tortious bad faith, and unfair claims practices. The basis of Walker's claims is that Geico exhibited bad faith by knowingly hiring a biased physician to perform her independent medical evaluation. According to Walker, Geico purposefully hired a doctor that would disagree with her treatment decisions, undercut the value of her damages, and justify Geico's delay or denial of her claim. Geico has moved to dismiss all of Walker's extracontractual claims, leaving alone her claim for breach of contract. Geico argues that this case boils down to a dispute over coverage, which is solely a contractual issue. Geico also argues that Walker's claims fail because it has acted reasonably—in good faith—throughout the claims process.

Having reviewed Walker's allegations in the light most favorable to her, the Court finds

that Walker has alleged facts to support her tortious bad faith claim and her claim for violations of Nevada's unfair claims practices act. Although Geico is correct that a reasonable denial of coverage defeats a bad faith claim, an insurer's purposeful use of a biased or dishonest doctor to undermine a claimant's recovery would breach the implied covenant of good faith and fair dealing. At this stage, dismissal of Walker's entire bad faith claim is unwarranted. However, Walker has failed to adequately plead her contractual bad faith claim because she simultaneously argues that Geico has breached its contract. Thus, the Court dismisses only that claim. As for Geico's request to sever and stay Walker's extracontractual claims, the Court declines to do so. Given the overlap between the claims, the Court finds that its resources would be better spent litigating the claims together.

**I.**   **Background**

On December 5, 2017, Kara Walker was the passenger in a vehicle that was struck by a 1995 Ford F-150. Compl. 2, ECF No. 1. Walker was hurt in the accident and promptly filed a third-party claim against the driver of the F-150. Id. Walker then began treatment for her injuries. Id. As of May of 2019, Walker had allegedly incurred over $60,000 in medical bills and other damages. Id. Walker settled her claim with the adverse driver for his policy limits, $15,000. Id. $15,000 did not cover Walker's outstanding medical bills, so she filed a claim against Geico, her own insurer, to access the uninsured/underinsured motorist ("UIM") coverage in her policy. Id. That policy provided $100,000 in UIM coverage. Id.

Geico offered Walker $31,014.64 to settle her claim, which she refused. Id. Geico then ordered an independent medical evaluation ("IME"). Id. at 3. The insurer hired Dr. Firooz Mashhood to perform the IME. Id. Dr. Mashhood's examination found that Walker "sustained 'soft tissue injury to cervical and thoracic spine secondary to minor impact.'" Id. Apparently, Dr. Mashhood's findings conflicted with Walker's claimed injuries and provided Geico a basis to undervalue her claim. Id. Walker believes that Geico purposefully assigned her IME to Dr. Mashhood because it knew the doctor would disagree with Walker's stated injuries. Id. at 4. Walkers UIM claim is still pending.

Walker filed her complaint in April of 2019, in the Eighth Judicial District Court of

Nevada. Geico timely removed the action to this Court. Pet. for Removal, ECF No. 1. Geico now moves to dismiss each of Walker's causes of action except her breach of contract claim.

**II.     Legal Standard**

The Court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified a two-step approach district courts are to apply when considering motions to dismiss. First, the Court accepts as true all well-pleaded factual allegations in the complaint. Legal conclusions or mere recitals of the elements of a cause of action, on the other hand, do not receive the assumption of truth. Id. at 678. Second, the Court considers whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678. Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

**III. Analysis**

Walker brought four causes of action: (1) breach of contract; (2) breach of the contractual duty of good faith and fair dealing; (2) tortious breach of good faith and fair dealing; and (4) unfair trade practices under NRS § 686A.310, Nevada's unfair claims practices statute. Walker's breach of contract claim survives because Geico has not challenged it here. Mot. to Dismiss 3, ECF No. 6. Geico challenges Walker's remaining claims, or alternatively moves to sever and stay those claims until the parties have litigated the breach of contract claim. Id. at 15.

**A. Geico's Partial Motion to Dismiss**

Each of Walker's extracontractual claims boil down to Geico's hiring of Dr. Firooz Mashhood to perform Walker's IME. Walker claims that Geico was not interested in an unbiased medical examination and that its sole purpose in assigning Dr. Mashhood was to undercut the value of her claim. Walker believes that constitutes bad faith and violates Nevada's prohibition on unfair claims practices. Geico responds that Walker's policy authorizes the insurer to employ any doctor it chooses to perform an IME. Alternatively, Geico argues that this dispute boils down to a dispute over the value of her claim, which cannot support a finding of bad faith or unfair claims practices. Assuming, as it must, that Walker's allegations are true, the Court finds that Geico's purported intent to undermine a claim of its insured would amount to bad faith in the claims process. Therefore, the Court will not dismiss Walker's entire bad faith or unfair claims practices claims.

*1. Implied Covenant of Good Faith and Fair Dealing*

Insurers owe their insureds a fiduciary-like duty. Ainsworth v. Combined Ins. Co., 763 P.2d 673, 676 (Nev. 1988). Although an insurer is not required to place an insured's interests above its own, it must treat insureds fairly. Id. At minimum, the insurer must consider its own interests and its insured's interests equally. Allstate Ins. Co. v. Miller, 212 P.3d 318, 326 (Nev. 2009). Implicit in every insurance contract is the duty of good faith and fair dealing. The law imposes a duty to act in good faith, not the contract. Id. at 324 (Nev. 2009). An insurer breaches that duty—and acts in bad faith—when it denies benefits due under the policy without a reasonable basis for the denial. Id. (citing Am. Excess Ins. Co. v. MGM Grand Hotels, Inc., 729

P.2d 1352, 1354–55 (Nev. 1986)). Thus, the key to a bad faith claim is the reasonableness of the insurer's denial. Guebara v. Allstate Ins. Co., 237 F.3d 987, 992 (9th Cir. 2002).

Generally, a plaintiff elects whether to pursue relief under a tort-based or contract-based theory of bad faith. Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1158 (9th Cir. 2002). Although both tortious and contractual bad faith seek to prove an insurer's unreasonableness, they differ in one important way. In contractual bad faith, the plaintiff alleges that the insurer acted unreasonably despite complying with all of the contractual provisions. Hilton Hotels Corp. v. Butch Lewis Prods., 808 P.2d 919, 922–23 (Nev. 1991). In essence, the insurer contravenes the spirit of the contract while complying with the letter of contract. Id.; Shaw v. CitiMortgage, Inc., 201 F. Supp. 3d 1222, 1253 (D. Nev. 2016). Tortious bad faith, on the other hand, arises only where the parties to an agreement share a special relationship, like the relationship between an insurer and its insured. See Hilton Hotels, 808 P.2d at 923.

Only Walker's tortious bad faith claim may proceed. The key to a contractual bad faith claim is compliance with the terms of the contract. Yet, Walker's entire complaint laments that Geico breached her insurance agreement when it failed to timely pay her claim. The facts underlying Walker's contractual bad faith claim are the very facts supporting her breach of contract claim. Namely, Geico and Walker entered into a valid insurance contract (Compl. at 4), Geico breached that agreement by failing to timely release her underinsured motorist benefits (id. at 5), and Walker suffered damages (id.). Walker cannot have it both ways. Either Geico breached the agreement and is liable for breach of contract or it lived up to the agreement but contravened the spirit of their agreement. Had Walker pleaded her contractual bad faith claim alternatively to her breach of contract claim, it may have survived. However, there is no evidence that Walker did that here. Accordingly, the Court dismisses Walker's contractual bad faith claim.

Walker's tortious bad faith claim, on the other hand, is not barred by Geico's alleged breach of contract. An insurer is liable for tortious bad faith if it knowingly denies a claim without an adequate basis or if it recklessly disregards the fact that there is no adequate basis to deny benefits. Powers v. United Servs. Auto. Ass'n, 962 P.2d 596, 604 (Nev. 1998), opinion modified on denial of reh'g, 979 P.2d 1286 (Nev. 1999). Thus, there exists both an objective and

subjective element to proving tortious bad faith. Flonnes v. Prop. & Cas. Ins. Co. of Hartford, 2:12-cv-1065-APG-CWH, 2013 WL 3109381 (D. Nev. June 17, 2013). Objectively, the insurer's denial of benefits must have been unreasonable. Subjectively, the insurer must have known its denial was unreasonable or, alternatively, the insurer must have recklessly disregarded that its denial was unreasonable.

Walker has alleged both factors here. Her complaint states the following:

> 16. GEICO had a business relationship with Dr. Mashhood and knew he was bias [*sic*] and would provide GEICO a basis to deny Plaintiff's claim.
>
> 19. GEICO has repeatedly used Dr. Mashhood to deny claims.
>
> 20. GEICO is aware that irrespective of the crash, the plaintiff's medical condition, and the plaintiff's treatment, Dr. Mashhood will offer opinions limiting victim's injuries and provide GEICO with a reason to deny coverage.
>
> 21. GEICO selects Dr. Mashhood for the purpose of limiting, delaying, and denying payments to its insureds.

Compl. at 3 ¶¶ 16, 19, 20–21. At bottom, Walker's claim is that Geico acted in bad faith by knowingly selecting Dr. Mashhood to undervalue her claim. Their goal, she contends, was to use Dr. Mashhood's biased evaluation to delay or deny her claim. Walker cites Hangarter v. Provident Life & Accident Ins. Co. for support. 373 F.3d 998 (9th Cir. 2004). There, the Ninth Circuit upheld a jury's bad faith verdict based on an insurer's use of a biased doctor to perform an IME. Id. at 1010. Among other things, the Court considered the insurer's use of a biased doctor to undercut Hangarter's claim as evidence of bad faith. Id. at 1011 ("[expert witness] testified that when an insurer 'use[s] the same [IME] on a continual basis,' the medical examiner becomes 'biased' because they 'lose their independence'").

Walker makes a similar case here. Like Hangarter, Walker alleges that Geico's course of dealing with Dr. Mashhood made clear that the doctor was biased against claimants like her. Compl. at 3. The doctor's known bias resulted in a basis for Geico to deny her claim. If true, Geico's denial or delay was knowing and unreasonable, and therefore satisfies both the objective

and subjective elements of a tortious bad faith claim.

Geico counters that Walker's policy authorized the insurer to hire any doctor it desired to perform Walker's IME. Geico also argues that nothing requires the IME to be performed by a doctor unconnected to the insurer. That may be true, but Walker's allegations go one step further than merely identifying a connection between Geico and Dr. Mashhood. She alleges that Geico exploited Dr. Mashhood's known bias to undervalue her claim.

Geico cites two district court cases to support its claim that its use of Dr. Mashhood was reasonable. First is Flonnes v. Prop. & Cas. Ins. Co. of Hartford, which recognized the insurer's right to rely upon the physicians of its choosing. 2013 WL 3109381 at *4. The second, Amini v. CSAA Gen. Ins. Co., found that an insurer does not breach the covenant of good faith and fair dealing by solely relying on its own medical reports when valuing a claim. 2:15-cv-0402-JAD-GWF, 2016 WL 6573949 (D. Nev. Nov. 4, 2016). Amini also concluded that it is not bad faith for an insurer to hire the same doctors for IMEs. Id. at *4 n.47 (rejecting plaintiff's argument that it was bad faith for insurer to hire doctors that "are very well acquainted with the defense bar").

Although neither Flonnes nor Amini are binding, the Court may consult their holdings as persuasive authority. See Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011). The Court agrees that those cases cut against Walker's argument. However, the Court finds them distinguishable at this point of the litigation as both occurred after the motion to dismiss stage. Amini was at summary judgment, while Flonnes was a motion for reconsideration of a motion to dismiss and revived claims that were errantly dismissed with prejudice. Amini, 2016 WL 6573949 at *7; Flonnes, 2013 WL 3109381 at *2. At this stage, the Court must accept as true Walker's allegations that Geico knew of Dr. Mashhood's bias and used it to delay or deny coverage under her policy. See In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996). Of course, it is possible that Dr. Mashhood's evaluation was reasonable and unbiased. Whether discovery ultimately bears out Walker's claim is yet to be seen. However, dismissal of her claim now would be inappropriate.

In place of dismissal, Geico asks the Court to sever and stay Walker's bad faith claim because it is premature. Geico argues that Walker's bad faith claim is premature until she has

shown "legal entitlement" to the policy proceeds. See Pemberton v. Farmers Ins. Exch., 858 P.2d 380, 384 (Nev. 1983). "Legal entitlement," according to Geico, is a judgment from this Court on her breach of contract claim.

Geico overreads Pemberton. It is true that "no claim for bad faith will lie" until the plaintiff has demonstrated fault by the adverse driver. Id. at 384. But Pemberton is clear that a judgment is not required to show legal entitlement. Id. Rather, Walker's bad faith claim is ripe as soon as she can prove the adverse driver's liability and insufficient insurance coverage. Id. (collecting cases). At bottom, Walker must demonstrate fault by the adverse driver and damages before she may recover for bad faith, but she need not obtain a judgment. Accordingly, the Court finds that Walker's bad faith claim is not premature.

### 2. *Unfair Claims Practices Under NRS § 686A.310*

Walker's claim for unfair trade practices proceeds for much of the same reason; Geico's knowing use of a biased doctor would impermissibly cause delay or denial of Walker's claim. NRS § 686A.310 prohibits unfair practices in an insurer's claims-settlement process. There are sixteen barred activities that generally protect an insured against the uneven bargaining power against the insurer. At issue here, according to Walker's complaint, are §§ 686A.310(c) and (e). Subsection (c) creates a private right of action against an insurer who fails to implement reasonable standards "for the prompt investigation and processing of [insurance] claims." Similarly, subsection (e) imposes liability upon an insurer that "fail[s] to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear." Both subsections protect an insured against unreasonable or unnecessary delays in the claims-settlement process.

The crux of Walker's complaint is that Geico purposefully used Dr. Mashhood to deny or delay the payment of her claim. She explicitly alleges that Geico "hires doctors to delay the payment of claims" and that "hiring [] Dr. Mashhood demonstrates the failure to implement reasonable standards for the prompt investigation of claims." Compl. at 6. If true, Geico's actions would violate both subsection (c) and (e) of Nevada's unfair claims practices act because they would create unnecessary delay or denial of payment. Like Walker's bad faith claim, the Court

notes that discovery may well illuminate that Dr. Mashhood's exam was legitimate and did not delay the processing or payment of her claim whatsoever. Yet, at this stage, the Court must accept as true Walker's factual allegations. Therefore, the Court will not dismiss Walker's claim under NRS § 686A.310.

### B. Geico's Motion to Sever/Bifurcate and Stay Bad Faith Claims

Because the Court declines to dismiss Walker's bad faith and unfair claims practice causes of action, it must reach Geico's alternative motion to sever/bifurcate and stay those claims. Geico contends that bifurcation and stay would best serve judicial economy because a determination that Geico owes nothing under Walker's policy would necessarily eliminate her extracontractual claims.

Whether to sever and bifurcate a claim is left to the sound discretion of the trial court. See Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir. 1982). The Court may elect to separate and try separately an issue or claim if it would be more convenient, help avoid prejudice, or expedite the proceedings. Fed. R. Civ. P. 42(b). Bifurcation can be especially helpful where the resolution of a particular issue could dispose of the remaining claims or defenses. Drennen v. Maryland Cas. Co., 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005). Yet, where the claims involve overlapping discovery and intertwined factual issues, a separate trial would merely spur duplicative litigation and eliminate the convenience that bifurcation intends. Alele v. Geico Gen. Ins. Co., ---F. Supp. 3d ---, 2019 WL 2079750 at *3 (D. Nev. May. 10, 2019).

Given the intertwined nature of Walker's claims, the Court finds that bifurcation would not promote the convenience necessary to warrant bifurcation of trial or discovery. Here, bifurcation would "require the parties to present much of the same evidence twice, have witnesses testify twice, make many of the same arguments twice, and pay the cost of litigation twice." Id. Additionally, the Court can avoid any possible jury confusion through jury instructions. Id. Accordingly, the Court denies Geico's motion to sever/bifurcate and stay Walker's claims.

///

///

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendant Geico Casualty Company's Partial Motion to Dismiss Walker's Extracontractual Claims (ECF No. 6) is **GRANTED** in part and **DENIED** in part. The Court grants the motion and dismisses Walker's contractual bad faith claim but denies the motion as to her remaining extracontractual claims.

IT IS FURTHER ORDERED that Geico's Alternative Motion to Sever/Bifurcate and Stay the case is **DENIED without prejudice**.

Dated this 11th day of December, 2019.

_____
Kent J. Dawson
United States District Judge